UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID SAXTON, | NO. LA CV 18-01755-VBF-AGR |
| Petitioner, | ORDER DISMISSING PUTATIVE HABEAS PETITION WITHOUT PREJUDICE TO FILING A CIVIL-RIGHTS ACTION |
| v. | |
| DEBBIE ASUNCION (Warden), | |
| ~~Respondent~~ | |

**For the reasons set forth below, the Court summarily dismisses this putative habeas corpus action without prejudice. The Court will issue a separate final judgment and a separate order denying a certificate of appealability.**

Petitioner is a California state inmate and constructively filed a document denominated as a Petition for a Writ of Habeas Corpus By a Person in State Custody Pursuant to 28 U.S.C. Section 2254 on February 16, 2018.[1] *See* CM/ECF Document ("Doc")

---

[1]

The petition envelope was postmarked February 6, 2018. Pursuant to the well-established Prison Mailbox Rule, petitioner is deemed to have constructively filed the habeas petition as soon as he tendered it to prison staff for mailing, which must have been on or before the postmark date of February 6, 2018. *See Douglas v. Noelie*, 567 F.3d 1103, 1107 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988)); *see, e.g., Hazeltine v. Hicks*, 2018 WL 317706, *2 (E.D. Cal. Jan. 8, 2018) (Gary Austin, M.J.) ("Plaintiff's signature and proof of service are both dated February 6, 2017. The court accepts this as evidence that Plaintiff delivered the reply to prison authorities on or before February 7, 2017, for forwarding to the court clerk. Therefore, under the

1. However, petitioner does not challenge a conviction or sentence. Instead, he seeks an order granting "permanent single cell status." (Pet. at 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827 (1973).

**Conversely, the Supreme Court has stated that there is "no case . . . in which the Court has recognized habeas as the sole remedy, or even an available one, where the relief sought would neither 'terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'"** *Skinner v. Switzer*, 562 U.S. 521, 534, 131 S. Ct. 1289, 1299 (2011) (Ginsburg, J., for the majority) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86, 125 S. Ct. 1242, 1250 (2005) (Antonin Scalia, J., concurring)).

The distinction is that "[s]uits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99, 93 S. Ct. 1827). The Ninth Circuit has held that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th

---

Mailbox Rule, Plaintiff's Reply was submitted timely.").

Accordingly, the petition was filed on February 6, 2018, not February 22, 2018 (when the envelope was stamped "Received") and not on March 1, 2018 as the docket sheet indicates. *See Forshee v. US*, 2018 WL 1256179, *1 n.1 (W.D.N.Y. Mar. 12, 2018) ("The government asserts that Forshee's motion was filed on May 22, 2017, the date it was entered on the Court's docket. This is incorrect. The filing date is determined by . . . the prison mail box rule . . . .").

2

Cir. 2016) (en banc), *cert. denied*, 85 U.S.L.W. 3326, – U.S. –, 137 S. Ct. 645 (2017).[2]

Petitioner clearly does not challenge his conviction, his sentence, or the duration of his confinement. Instead, he challenges only prison officials' decision to "double cell" him rather than accord him "single cell" status.

**The court has the authority to construe the Petition as a civil rights complaint under § 1983 under certain circumstances.** *See Nettles*, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" *Id.* (citation omitted).

Here, it is unclear whether the petition names the correct defendants. The petition names the warden as the sole respondent. However, because petitioner complains only about the prison Classification Committee's November 22, 2017 decision to rescind his single-cell status (Pet. Ex. 5), "[s]uccess on petitioner's claim would not affect the validity of Petitioner's conviction or advance his release date." ***Patton v. Asuncion***, 2017 WL 927631, *1 (C.D. Cal. Jan. 30, 2017) (**Suzanne Segal, M.J.**) ("Petitioner's sole claim alleges that state prison officials violated his rights in determining Petitioner's housing or by assigning him to a particular custody classification status. * * * Therefore, the Court lacks jurisdiction to adjudicate the Petition."), *R&R adopted*, 2017 WL 923900 (C.D. Cal. Mar. 6, 2017) (**Cormac Carney, J.**).

**The Court therefore will dismiss the habeas action without prejudice to Petitioner's ability to refile his claims in a separate civil-rights action.** *See also **Dominguez v. Adams**,* 2009 WL 5064979, *1 (E.D. Cal. Dec. 16, 2009) (Austin, M.J.)

---

[2] "*Nettles* was heard by an 11-judge en banc panel of the Ninth Circuit. Five judges joined in the principal opinion, one judge issued a concurrence joining only in portions of the principal opinion – which portions constitute the majority opinion – and five judges dissented. The Court cites only to the majority opinion." *Crane v. Beard*, 2017 WL 1234096, *4 n.5 (C.D. Cal. Apr. 3, 2017) (**Dale Fischer, J.**), *COA denied*, No. 17-55862, 2017 WL 6498004 (9th Cir. Dec. 17, 2017) (Bybee and Murguia, Cir. JJ.).

(dismissing putative habeas petition because its claim that petitioner's single-cell assignment violated his right to equal protection was a challenge to "the conditions of his confinement, not the fact or duration of that confinement", and stating, "Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil[-]rights complaint pursuant to 42 U.S.C. section 1983."); ***Scott v. Hubbard***, 2012 WL 5347951, *1-*2 (E.D. Cal. Oct. 26, 2012) (Oberto, M.J.) ("Petitioner complains of adverse actions of the institutional classification committee that resulted in his reclassification as an inmate who is to be housed in a single cell to one who is to be housed in a double cell, all in violation of Petitioner's protected liberty interest to security and safety in prison. * * * Petitioner's desire to obtain a particular classification concerns his prison conditions and not the legality or duration of his confinement. * * * Thus, with respect to these claims, Petitioner is not entitled to habeas corpus relief, and the petition must be dismissed."); ***Estrada v. Warden***, 2010 WL 4809085, *1 (E.D. Cal. Nov. 18, 2010) (Seng, M.J.) (dismissing putative section 2254 petition because its challenge to petitioner's single-cell classification did not sound in habeas corpus); ***Ortega v. Adams***, 2010 WL 3184328, *1 (E.D. Cal. Aug. 6, 2010) (Sandra Snyder, M.J.) ("Petitioner claims he has been wrongfully placed on single-cell status because prison officials are using old information which is not credible or reliable. Petitioner's claims are not cognizable in federal habeas corpus. * * * Should Petitioner wish to pursue his claims, he must do so by way of a civil-rights complaint . . . .").[3]

---

3

 ***Accord McCullen v. Ebbe***, 2015 WL 4412805, *6-*7 (M.D. Pa. July 17, 2015) (Kosik, J.) (adopting R&R of Carlson, M.J.) (dismissing putative habeas petition which challenged petitioner's single-cell placement because "it is well established that the types of complaints made by McMullon simply do not sound in habeas, . . . , this petition must be dismissed. McMullon's recourse, if any, would be through a *Bivens* civil rights action challenging this disciplinary placement.") (citing *Woodruff v. Williamson*, 2009 WL 703200 (M.D. Pa. Mar. 12, 2009) (Caputo, J.), *recon. denied*, 2009 WL 2997005 (M.D. Pa. Sept. 11, 2009), *aff'd*, 362 F. App'x 263 (3d Cir. 2010));

 ***Phelan v. Sup't of Great Meadow Corr. Facility***, 2012 WL 1190169, *4 (W.D.N.Y. Apr. 9, 2012) (Michael Telesca, J.) (to the extent that petitioner was challenging his placement in a Special Housing Unit rather than the loss of good-time credits, his claim was not cognizable in habeas) (citing, *inter alia*, *Stallone v. Fischer*, 2011 WL 5040669 (W.D.N.Y. Oct. 21, 2011) and *Welch v. Mukasey*, 589 F. Supp.2d 178 (N.D.N.Y. 2008) (David Hurd, J.)).

**If Petitioner chooses to file a civil-rights action, he must** either (1) pay the filing fee of $350 plus a $50 administrative fee, for a total of $400; or (2) file a Request to Proceed Without Prepayment of Filing Fees ("IFP Request").

**If his IFP Request is granted, he will be obligated to** pay the filing fee of $350 even if his complaint is unsuccessful. The Clerk is directed to send to Petitioner a prisoner civil-rights complaint with forms and instructions. The Court will assess an initial partial filing fee equal to 20% of the average monthly deposits to his prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in his prison account for that same period, whichever is greater. The Court will order the prison to take that initial partial filing fee out of his prison account and forward the money to the Clerk of Court. He will owe the balance of the $350 filing fee. Until the balance is paid in full, he will owe monthly payments as described in the instructions the Clerk will forward.

**The IFP Request requires that Petitioner** complete the Prisoner Authorization and have a prison official complete the Certification Section on the Declaration and attach a certified copy of his prison trust-account statement for the six months immediately preceding the filing of the complaint. If the IFP Request is granted, the court will order the complaint served on the defendants.

Petitioner is further advised that, if his IFP Request is granted and his complaint is dismissed as frivolous, malicious, or fails to state a claim on which relief may be granted, it may count as a "strike" under § 1915(g). A prisoner may not bring a civil action without prepayment if he has, on three or more prior occasions, brought an action in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## ORDER

The "habeas corpus petition" is **DISMISSED** without prejudice to any right that petitioner may have to file a separate civil-rights action.

The Clerk's Office **SHALL MAIL** a prisoner civil-rights packet to Petitioner.

The Court will rule on a certificate of appealability by separate order.

Judgment consistent with this Order will be entered separately.

The Clerk's Office **SHALL TERMINATE** this case **(JS-6)**.

IT IS SO ORDERED.

Dated: March 13, 2018

*Valerie Baker Fairbank*

Hon. VALERIE BAKER FAIRBANK
Senior United States District Judge